Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only X

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CARL ANTHONY VALLIER,         ) Case No. CV 06-3865-AHM (RNB)
                              )
              Petitioner,     )
                              ) REPORT AND RECOMMENDATION
        vs.                   ) OF UNITED STATES MAGISTRATE
                              ) JUDGE
LEE BACA,                     )
                              )
              Respondent.     )
_____)

This Report and Recommendation is submitted to the Honorable A. Howard Matz, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

## PROCEEDINGS

On June 20, 2006, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") herein. The Petition purports to be directed to petitioner's May 17, 2003 Los Angeles Superior Court conviction for indecent exposure, following petitioner's plea of nolo contendere. Petitioner appears to be claiming that his attorney misadvised him to plead no contest, that he was illegally sent to prison in violation of the terms of his plea agreement, that he did not freely

1

and intelligently waive his right to a jury trial, and that no one explained to him the nature and consequences of his plea.

## DISCUSSION

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition.[1] Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982). The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the State, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996). A federal court may raise the failure to

---

[1] The Court notes that only one of the four separate grounds for relief alleged in the Petition is expressly framed as a federal constitutional claim--i.e., Ground 1. However, even if petitioner's other claims could be reframed as federal constitutional claims, they still would be unexhausted for the reasons discussed herein.

2

exhaust issue <u>sua sponte</u> and may summarily dismiss on that ground. <u>See</u> <u>Stone v. San Francisco</u>, 968 F.2d 850, 856 (9th Cir. 1992), <u>cert. denied</u>, 506 U.S. 1081 (1993); <u>Cartwright v. Cupp</u>, 650 F.2d 1103, 1104 (9th Cir. 1982) (per curiam), <u>cert. denied</u>, 455 U.S. 1023 (1982); <u>see also</u> <u>Granberry v. Greer</u>, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987).

Petitioner has the burden of demonstrating that he has exhausted available state remedies. <u>See</u>, <u>e.g.</u>, <u>Brown v. Cuyler</u>, 669 F.2d 155, 158 (3d Cir. 1982). Here, it plainly appears from the face of the Petition that petitioner cannot meet this burden with respect to any federal constitutional claims which he desires to pursue herein. In response to the question, "[d]id you appeal from the conviction of sentence," petitioner checked off the "no" box. (<u>See</u> Pet. at ¶ 3). Although he did not check off either box in response to the question, "[o]ther than a direct appeal, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal," he crossed out the sections where he was supposed to describe such filings. (<u>See</u> Pet. at ¶ 6). Moreover, in response to the question, "[i]f your answer to 6 was NO, explain briefly why you did not seek post-conviction relief in the state courts," petitioner responded: "Did not know of any post-conviction relief, Nor have I had the opportunity. I am doing most all my time given in a state reception center and the Los Angeles Jail." (<u>See</u> Pet. at ¶ 9).

If indeed it were clear that the California Supreme Court would hold that petitioner's unexhausted federal constitutional claims were procedurally barred under state law, then the exhaustion requirement would be satisfied.[2]  <u>See</u> <u>Castille v.</u>

---

[2] In that event, although the exhaustion impediment to consideration of petitioner's claim on the merits would be removed, federal habeas review of the claim would still be barred unless petitioner could demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim would result in a "fundamental miscarriage of
(continued...)

Peoples, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); Johnson v. Zenon, 88 F.3d 828, 831 (9th Cir. 1996); Jennison v. Goldsmith, 940 F.2d 1308, 1312 (9th Cir. 1991). However, it is not "clear" here that the California Supreme Court will hold that petitioner's federal constitutional claims are procedurally barred under state law. See, e.g., In re Harris, 5 Cal. 4th 813, 825, 21 Cal. Rptr. 2d 373, 378, 855 P.2d 391 (1993)(granting habeas relief where petitioner claiming sentencing error, even though the alleged sentencing error could have been raised on direct appeal); People v. Sorensen, 111 Cal. App. 2d 404, 405, 244 P.2d 734 (1952)(noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition). The Court therefore concludes that this is not an appropriate case for invocation of either "exception" cited above to the requirement that a petitioner's federal claims must first be fairly presented to and disposed of on the merits by the state's highest court.

## RECOMMENDATION

IT THEREFORE IS ORDERED that the District Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) directing that Judgment be entered denying the Petition and summarily dismissing this action without prejudice for failure to exhaust state remedies.

DATED:  June 26, 2006

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[2](...continued)
justice." See Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991).